IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 17, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20433

NJIDEKA E. MUONEKE

Plaintiff-Appellant

v.

COMPAGNIE NATIONALE AIR FRANCE,
also known as Societe Air France

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
(05-CV-4289)

Before DAVIS, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Njideka Muoneke contests, inter alia, the summary judgment granted

Compagnie Nationale Air France against her lost-luggage claim.  AFFIRMED

in PART; VACATED in PART.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I.

On 30 November 2004, Muoneke boarded an Air France aircraft departing Houston, Texas, for Lagos, Nigeria. During her trip, she changed aircraft in France. Her luggage was transported to the new aircraft. After arriving in Nigeria on 1 December 2004, Muoneke obtained her luggage and left the airport. She returned the next day, claiming several items were missing from her luggage, including a digital camera and approximately $900.

Air France's contract of carriage requires such claims to be made in writing within seven days of the alleged loss. The Warsaw Convention imposes the same requirement. Muoneke states she timely filed a claim for the missing items with the lost-luggage department at the airport. Air France maintains it has no record of such a claim. In addition, on 18 January 2005, Muoneke wrote to Air France detailing her claim; because that claim was not within seven days of the alleged loss, Air France denied it as untimely.

In November 2005, Muoneke filed this action in Texas small-claims court, asserting, inter alia, breach of contract under Air France's contract of carriage. The action was removed to district court that December. Muoneke's motion to remand was denied in February 2006. On cross-motions for summary judgment,

and following an April 2006 hearing, the district court ruled from the bench, awarding summary judgment to Air France.

II.

Muoneke contends: the district court erred in not granting her remand motion; and material-fact issues preclude summary judgment. Although remand was properly denied, summary judgment was improper.

A.

Muoneke appears to maintain the district court lacked jurisdiction because the amount in controversy did not exceed $75,000. See 28 U.S.C. § 1332 (diversity jurisdiction). Muoneke's action, however, involves interpretation and application of a treaty, the Warsaw Convention. Needless to say, no dollar-amount requirement exists for such federal-question jurisdiction. See 28 U.S.C. § 1331; Potter v. Delta Air Lines, Inc., 98 F.3d 881, 883 n.4 (5th Cir. 1996) ("The Warsaw Convention is a treaty of the United States the interpretation of which is a federal question". (citation omitted)). In any event, remand was properly denied.

B.

A summary judgment is reviewed de novo. Jenevein v. Willing, 493 F.3d 551, 557 (5th Cir. 2007). It is appropriate "if . . . there is no genuine issue as to

any material fact and . . . the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c).

Claims for damages by persons traveling internationally by aircraft are subject to the conditions and limitations of the above-referenced Warsaw Convention. See El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 175 (1999); see also Convention for the Unification of Certain Rules Relating to International Transportation By Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934). Because the Warsaw Convention applies to "all international transportation of persons, baggage, or goods performed by aircraft for hire", Mbaba v. Societe Air France, 457 F.3d 496, 497 (5th Cir. 2006) (citing Warsaw Convention, art. 1), cert. denied, 127 S. Ct. 959 (2007), it is the "exclusive remedy" for Muoneke's lost-luggage claim. See Boehringer-Mannheim Diagnostics, Inc. v. Pan Am. World Airways, Inc., 737 F.2d 456, 458 (5th Cir. 1984).

The Warsaw Convention requires that, for an action for lost or damaged luggage, a written claim must be made to the carrier within seven days from a passenger's receipt of his luggage. See Warsaw Convention, art. 26. (Accordingly, as noted supra, Air France's contract of carriage requires claims to be filed within such seven days.)

As discussed, Muoneke asserts she filed a written claim for damages with Air France's baggage services the day after she landed in Nigeria. Muoneke relies on her affidavit and that of her acquaintance, Njideka Anidiobi, as well as a receipt from baggage services showing her "file was handled by [an Air France employee]". Although Air France, by affidavit, states it has no record of any claim filed by Muoneke, the summary-judgment evidence Muoneke presents creates the requisite genuine issue of material fact on whether she filed the written claim. Accordingly, summary judgment was improper. (Muoneke also appears to present a fraud claim against Air France, asserting: fraud on the carrier's part is an exception to the normal deadline under the Warsaw Convention. Such a claim lacks the requisite support in the summary-judgment record because Muoneke presents no evidence that Air France engaged in any fraudulent conduct).

## III.

For the foregoing reasons, the remand-denial is AFFIRMED; the summary judgment is VACATED; and this matter is remanded to district court for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED IN PART.